UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

S,Z & S, L.L.C.                          CIVIL ACTION

VERSUS                                   NO: 14-1625

LLOYDS OF LONDON, ET AL.                 SECTION: R(2)

**ORDER AND REASONS**

Defendant the United States of America moves on behalf of itself and defendant the United States Army Corps of Engineers to dismiss plaintiff's claims for lack of subject matter jurisdiction.[1]  For the following reasons, the Court grants the motion.

I.    **Background**

This dispute arises out of property damages stemming from construction of the Dwyer Road Intake Canal Project.  Plaintiff S, Z & S, L.L.C. (SZ&S) owns a business located near the intersection of Dowman Road and Dwyer Road in New Orleans, Louisiana.[2]  SZ&S alleges that defendants United States of America and United States Army Corps of Engineers contracted with defendant Hill Brothers Construction Co. to perform construction services, including pile driving, on Dwyer Road near the intersection.[3]  The pile driving

_____

[1]    R. Doc. 11.

[2]    R. Doc. 1 at 1.

[3]    *Id.* at 2.

created "excessive vibrations" that allegedly caused property damage to SZ&S's nearby business.[4]  Specifically, SZ&S alleges that Hill Brothers "had full control and managed the entire project, including the pile driving, which caused the damages[.]"[5]

On July 15, 2014, SZ&S filed this tort claim against its insurer Lloyds of London, the United States, the Army Corps, and Hill Brothers.[6]  The United States now moves to dismiss SZ&S's complaint for lack of subject matter jurisdiction on the ground that an independent contractor, not a government employee, committed the alleged injury producing act or omission.[7]  The United States contends that Hill Brothers is an independent contractor under the terms of its government contract, which vests Hill Brothers with full operational control of the construction project.

## II. Standard

Federal Rule of Civil Procedure 12(b)(1) permits dismissal for lack of jurisdiction over the subject matter of a claim.  In ruling on a Rule 12(b)(1) motion to dismiss, the Court may rely on (1) the complaint alone, (2) the complaint supplemented by undisputed

---

[4]    *Id.*

[5]    *Id.*

[6]    *Id.* at 1.

[7]    R. Docs. 11, 11-1.

2

facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts. *Willoughby v. United States ex. rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013); *see also Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001). The party asserting jurisdiction bears the burden of establishing that the district court possesses jurisdiction. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001).

## III. Discussion

A plaintiff may sue the United States only if the United States has consented to suit in the circumstances. *See Young v. U.S.*, 727 F.3d 444, 446-47 (5th Cir. 2013). The Federal Tort Claims Act (FTCA) permits tort actions against the United States for injury or damages caused by a government employee's negligence or wrongful act or omission while acting within the scope of his office or employment. 28 U.S.C. §§ 1346(b), 2672; *Peacock v. United States*, 597 F.3d 654, 659 (5th Cir. 2010). The FTCA does not, however, permit tort actions against the United States for injuries or damages caused by an independent contractor. *See* 28 U.S.C. § 2671; *Peacock*, 597 F.3d at 659.

Under the FTCA, government employees are "officers or employees of any federal agency, members of the military[,] naval forces[, or] the National Guard . . . and persons acting on behalf

3

of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation[.]" 28 U.S.C. § 2671. The critical factor in determining whether a person or entity is a government employee is "whether the United States had the right to control the [contractor's] detailed physical performance . . . and whether the contractor's day-to-day operations are supervised by the Federal government." *Jasper v. Fed. Emergency Mgmt. Agency*, 414 F. App'x 649, 651 (quoting *Logue v. United States*, 412 U.S. 521, 528 (1973))(internal quotation marks omitted).

To distinguish government employees from independent contractors, courts also rely on the factors listed in § 220 of the Restatement (Second) of Agency:

> (a) the extent of control which, by the agreement, the master may exercise over the details of the work;
>
> (b) whether or not the one employed is engaged in a distinct occupation or business;
>
> (c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;
>
> (d) the skill required in the particular occupation;
>
> (e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;
>
> (f) the length of time for which the person is employed;
>
> (g) the method of payment, whether by the time or by the job;

4

(h) whether or not the work is a part of the regular business of the employer;

(I) whether or not the parties believe they are creating the relation of master and servant; and

(j) whether the principal is or is not in business.

*See Linkous v. United States*, 142 F.3d 271, 276 (5th Cir. 1998).

In support of its motion, the United States provided relevant portions of its contract with Hill Brothers.[8] Under the contract, Hill Brothers maintained responsibility for its day-to-day construction operations, including "at all times . . . directly superintend[ing] the work";[9] "obtaining any necessary licenses and permits [and] complying with . . . laws, codes, and regulations applicable to the performance of the work";[10] "preserv[ing] and protect[ing] all structures, equipment, and vegetation . . . on or adjacent to the work site";[11] "keep[ing] the work area [clean and] remov[ing] from the work and premises any rubbish, tools, scaffolding, equipment, and materials"; "provid[ing] and maintain[ing] work environments and procedures which will safeguard the public";[12] and "maintain[ing] an adequate inspection system and perform[ing] such inspections as will ensure that the work

---

[8]   R. Doc. 11-3.

[9]   *Id.* at 5.

[10]   *Id.*

[11]   *Id.*

[12]   *Id.* at 7.

performed under the contract conforms to contract requirements."[13] Significantly, the contract specifically states that "[t]he methods, means and procedures for constructions shall be the sole responsibility of the Contractor."[14] Hill Brothers also assumed full liability for its negligence or that of its employees.[15]

In opposition, SZ&S points only to the contract's "Inspection of Construction" clause to demonstrate that the government controlled a part of Hill Brothers's performance.[16] The inspection clause reads: "All work . . . is subject to Government inspection and test at all places and at all reasonable times before acceptance to ensure strict compliance with the terms of the

---

[13]  *Id.* at 8.

[14]  *Id.* at 11.

[15]  *Id.* at 5, ("The Contractor shall also be responsible for all damages to persons or property that occurs as a result of the Contractor's fault or negligence."), 6 ("The Contractor shall protect from damage all existing improvements and utilities (1) at or near the work site, and (2) on adjacent property of a third party[.]"), 11 ("The Contractor shall assume full responsibility for the protection of all structures and utilities . . . . Any damage resulting from the Contractor's negligence shall be repaired by the Contractor at his/her expense."), 12 ("If any direct or indirect damages is done to public or private property by or on account of any act, omission, neglect, or misconduct . . . of the Contractor, such property shall be restored by the Contractor, at his expense[.]"), 15 ("The Contractor shall at his/her own expense remove and replace any damaged structures and roadways caused by the negligence of his/her construction work[.]").

[16]  R. Doc. 12 at 3.

6

contract."[17]  SZ&S presents no other evidence to demonstrate that the United States exercised day-to-day control of Hill Brothers's construction activities.  Indeed, SZ&S admits in its complaint that Hill Brothers "had *full* control and managed the *entire* project."[18]

The Court finds that Hill Brothers is an independent contractor--not a government employee under the FTCA.  Initially, the Court finds that Hill Brothers's various contractual responsibilities are consistent with its status as an independent contractor. *See Sailboat Bay Apartments, LLC v. United States*, No. 14-2344, 2015 WL 2250114, at *5 (E.D. La.  May 13, 2015) (weighing contractual provisions giving the government contractor operational control in favor of applying independent contractor exception); *Maria v. United States ex. rel. Army Corps of Eng'rs*, No. 09-7669, 2010 WL 2009968, at *3-4 (E.D. La. May, 17, 2010) (holding that a government contractor who was responsible for quality control, preservation of property, and repairing any damage at its own expense was an independent contractor).  The contract explicitly states that the Contractor maintains "sole responsibility" for determining the "methods, means and procedures for constructions" and details a number of other day-to-day activities over which Hill Brothers retains exclusive responsibility.[19]  Surely, these

---

[17]  R. Doc. 11-3 at 8.

[18]  R. Doc. 1 at 2 (emphasis added).

[19]  R. Doc. 11-3 at 11.

provisions illustrate that Hill Brothers, rather than the United States, exercised daily, detailed control over the Dwyer Road construction project.

Moreover, the United States's right of inspection is not a sufficient exercise of control to transform an independent contractor into a government employee. *See, e.g.*, *Miller v. McElwee Bros., Inc.*, No. 05-4239, 2007 WL 2284546, at *5 (E.D. La. Aug. 6, 2007) ("[T]hat the United States retains the right to inspection, including for safety violations, does not defeat the independent contractor exception[.]"); *Kinney v. Kemper Const. Co.*, No. 87-1567, 1988 WL 135154, at *3 (E.D. La. Dec. 9, 1988) ("[The] supervision exercised by the Government inspector . . . does not amount to 'daily-detailed-control' as that term has been defined by the jurisprudence."). Reliance on this single provision is insufficient in light of the other contractual indicia of Hill Brothers' control of the construction project.

Without evidence indicating that the United States in fact exercised greater authority over Hill Brothers's daily operations than the contract specifies, SZ&S has failed to prove that Hill Brothers and its workers were government employees during the course of the construction project. Therefore, the Court lacks subject matter jurisdiction over this claim. Accordingly, the Court grants the United States's motion to dismiss.

**IV.  Conclusion**

     For  the  foregoing  reasons,  the  United  States's  motion  to dismiss for lack of subject matter jurisdiction is GRANTED.


     New Orleans, Louisiana, this __11th__ day of June, 2014.


                                   _____

                                    SARAH S. VANCE
                       UNITED STATES DISTRICT JUDGE